UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:10-CV-00061-BR

| | | |
|---|---|---|
| LINDA R. SHARP, ) | | |
| Plaintiff ) | | |
| v. ) | ORDER | |
| ) | | |
| ) | | |
| TOWN OF KITTY HAWK, NORTH ) | | |
| CAROLINA, et al., ) | | |
| Defendants ) | | |

This matter is before the court on defendants' motions to dismiss and plaintiff's motion to treat defendants' motions to dismiss as motions for summary judgment.

Plaintiff's suit arises out of the defective construction of her house. Plaintiff, who is proceeding *pro se*, attempts to assert claims under 42 U.S.C. § 1983 and North Carolina law. A large majority of the defendants have filed motions to dismiss.[1] Although all defendants have not appeared and filed motions to dismiss, the court sees no reason why it should not consider the statute of limitations issue, raised in the motions to dismiss and discussed *infra*, as to all defendants. Plaintiff has had an opportunity to respond to the issue, and the court has not raised the issue *sua sponte*, cf. Eriline Co. v. Johnson, 440 F.3d 648, 657 (holding, in an ordinary civil case, meaning one not file *in forma pauperis* or under the habeas corpus statutes, the court may not raise and consider a statute of limitations defense *sua sponte*).

The Clerk notified plaintiff of each motion filed by the defendants and informed her of the appropriate response time. As to some of the motions, plaintiff requested and was allowed

---

[1] Of the 43 defendants that plaintiff sued, 39 have filed motions to dismiss. Of the four defendants who have not filed such motions, they have not appeared in the case, and it is not apparent that they all have been properly served.

an extension of time to respond. Plaintiff failed to respond to any of the motions within the appropriate time period.

On 25 February 2011, after the time in which to respond to the motions to dismiss had expired, plaintiff filed a motion to have the court treat defendants' motions as motions for summary judgment. In her motion, plaintiff requests that the court allow her thirty days to file "motions for interlocutory summary judgment," memoranda, and supporting affidavits on the issues of qualified immunity and state law. Plaintiff asks the court to treat defendants' pending motions to dismiss as motions for summary judgment in opposition to plaintiff's proposed interlocutory summary judgment motions. The court declines to grant plaintiff this relief. Not only was plaintiff repeatedly notified that her failure to respond within the appropriate time period could cause her case to be dismissed, but the issues plaintiff seeks to address in the proposed filings are irrelevant to what the court deems as the key issue in this case, that is, whether plaintiff's 42 U.S.C. § 1983 claim was filed within the applicable statute of limitations.

In ruling on a motion to dismiss under Rule 12(b)(6), the court reviews the legal sufficiency of the complaint. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991). In doing so, the court construes all factual allegations in the complaint as true and in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (citations omitted). If, after giving the plaintiff the benefit of the doubt, the court finds that the plaintiff would not be entitled to relief, a motion to dismiss should be granted. Schatz, 943 F.2d at 489.

Because 42 U.S.C. § 1983 does not specifically provide a statute of limitations, federal courts have adopted the applicable statute of limitations from analogous state law. Nat'l Adver. Co. v. City of Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). For a § 1983 violation allegedly

committed in North Carolina, the statute of limitations is three years. Id. at 1162 (concluding that N.C. Gen. Stat. § 1-52(5) supplies the three-year statute of limitations for a § 1983 claim in North Carolina); see also Rogerson v. Fitzpatrick, 468 S.E.2d 447, 450 (N.C. Ct. App. 1996) (stating that the statute of limitations period for claims arising under § 1983 in North Carolina is three years). The statute of limitations for a claim under § 1983 begins to run "when the plaintiff possesses sufficient facts about the harm done to [her] that reasonable inquiry will reveal [her] cause of action." Dillahunt v. City of New Bern, No. 4:08CV56, 2009 WL 497153, *2 (E.D.N.C. Feb. 26, 2009) (citations omitted).

In her complaint, plaintiff alleges that "in late 2006 or early 2007" she "began to notice" that the walls of the house "were shifting inward." (Comp. at 28, ¶ 123). Plaintiff described the damage to the house caused by this shifting of the walls. (Comp. at 28–29, ¶¶ 124–25). Due to the damage, plaintiff was "forced to seek temporary accommodations elsewhere" in July 2007. (Comp. at 29, ¶ 126). Plaintiff consulted with engineers and architects in "mid-2007" regarding the damage to the house. (Comp. at 30, ¶ 127). Plaintiff admits that she "was made aware of [the magnitude and nature of the problems] in October 2007." (Comp. at 30, ¶ 130).

At the very latest, the statute of limitations began to run on 31 October 2007, because by that time plaintiff possessed sufficient facts about the harm and a reasonably inquiry would reveal her cause of action. Plaintiff did not file her complaint until 15 November 2010, outside the three year statute of limitations for a § 1983 claim.

Therefore, defendants' motions to dismiss are GRANTED IN PART, and plaintiff's claim under 42 U.S.C. § 1983 is DISMISSED. The court declines to exercise supplemental jurisdiction over the state claims pursuant 28 U.S.C. § 1367(c)(3), and therefore, DISMISSES

3

plaintiff's remaining state claims WITHOUT PREJUDICE. Plaintiff's motion is DENIED. The Clerk is DIRECTED to close this case.

This 3 March 2011.

W. Earl Britt
Senior U.S. District Judge

4

Case 2:10-cv-00061-BR   Document 117   Filed 03/03/11   Page 4 of 4