UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 2:10-CV-61-BR

| | | |
|---|---|---|
| LINDA R. SHARP, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOWN OF KITTY HAWK, | ) | |
| NORTH CAROLINA, ET AL., | ) | |
| | ) | |
|         Defendants. | ) | |
| | ) | |

This matter is before the court on multiple defendants' motions for sanctions or for attorney fees. Plaintiff has not filed a response to any of these motions.

On 3 March 2011, on defendants' motions to dismiss, the court dismissed plaintiff's claim under 42 U.S.C. § 1983 because the applicable statute of limitations had run. The court declined to exercise jurisdiction over plaintiff's claims arising under state law and consequently dismissed those claims without prejudice. Following that order, certain defendants filed the instant motions.

The movants request that plaintiff be required to pay attorneys fees and costs pursuant to 42 U.S.C. § 1988(b) and/or Rule 11 of the Federal Rules of Civil Procedure. At bottom, these defendants claim that plaintiff's complaint was groundless and that plaintiff filed the action for an improper purpose. Title 42, United States Code, "Section 1988(b) confers discretion on courts to award attorneys fees to the prevailing [defendant] in a[ civil rights] action . . . if the court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith'" DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir.

1999) (citation omitted). In the case of an unsuccessful plaintiff who is proceeding *pro se*, the Supreme Court has recognized that

> attorney's fees should rarely be awarded against such plaintiffs. The fact that a p[laintiff]'s complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims. As the Court noted in *Christiansburg*, even if the law or the facts are somewhat questionable or unfavorable at the outset of litigation, a party may have an entirely reasonable ground for bringing suit.

Hughes v. Rowe, 449 U.S. 5, 15 (1980) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)).[1]

As noted previously, the movants rely on Federal Rule of Civil Procedure 11 as another source of attorneys fees. "The signature requirement of Rule 11 imposes upon the signer the obligation to conduct a reasonable inquiry to determine that (1) it is not presented for an improper purpose, (2) the positions taken are warranted by existing law or a nonfrivolous change in the law, and (3) the document is well grounded in fact." Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr., 968 F. Supp. 1075, 1078 (E.D. Va. 1997) (citation omitted). In determining whether a signer (either a lawyer or a party proceeding *pro se*), has violated Rule 11, the court applies an objective standard of reasonableness. In re Weiss, 111 F.3d 1159, 1170 (4th Cir. 1997). "*Pro se* pleadings are[, however,] granted a degree of indulgence not extended to lawyers when determining whether to impose monetary sanctions pursuant to Rule 11." Laremont-Lopez, 968 F. Supp. at 1078 (citation omitted). As with an award of attorneys fees

---

[1] The Court made this statement with respect to prisoners. See Hughes, 449 U.S. at 15. However, "[n]othing in the *Hughes* decision limits that holding to uncounseled prisoners." Colbert v. Yadkin Valley Tel. Memberhsip Corp., 960 F. Supp. 84, 87 (M.D.N.C. 2007).

under § 1988(b), the mere failure of a claim to withstand a motion to dismiss does not mandate sanctions under Rule 11. See Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 154 (4th Cir. 2002).

Because the court declined to exercise jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3), the court has made no findings on the merits of those claims, and thus, the court has no basis for imposing any sanctions or fees in relation to plaintiff's filing of those claims. Even though plaintiff's §1983 claim was found to be time-barred, the court is unwilling to exercise its discretion under the circumstances here to award fees or otherwise impose sanctions. Although it appears that plaintiff's previously filed state action is similar to this action, she did not assert a § 1983 claim in the state action. Also, it is not evident that plaintiff was aware, or should have been aware, that the statute of limitations had run on this federal claim when she filed this action.[2]

The motions for sanctions and for attorney fees are DENIED.

This 22 July 2011.

_____
W. Earl Britt
Senior U.S. District Judge

---

[2] There is evidence that plaintiff may have been aware that the statute of limitations on the state claims had run. (See DE ## 132-16 (plaintiff's 7/20/09 motion to extend statute of limitations to file third-party complaints against third-party tortfeasors, filed in state case); 132-19 (state court's 8/12/09 order denying plaintiff's motion to add additional third-party defendants and stating "[i]t appears to the Court, although the Court does not so decide, that the statute of limitations bars most, if not all, of the claims against the Third-Party Defendants sought to be added.").)

3